McCULLOUGH *v*. EAST ARKANSAS LUMBER COMPANY.

Opinion delivered October 7, 1929.

*Cunningham & Cunningham,* for appellant.

*Smith & Blackford* and *G. M. Gibson,* for appellee.

McHANEY, J.   On October 27, 1925, G. H. Stanage was granted a judgment against E. E. and Fairbelle Mitchell in the Lawrence Chancery Court for $729.03, and a decree foreclosing a mechanic's lien on two houses and one acre of land surrounding each house located on the north half northeast quarter section 1, township 15 north, range 1 west, lying south of Village Creek.   At the foreclosure sale, January 9, 1926, Stanage became the purchaser of the houses and two acres of land for a sum less than the amount of the judgment, leaving a deficiency of $323.90, with interest from that date at 6 per cent.   On March 5, 1926, the Mitchells executed and delivered to Ponder and Cunningham two notes amounting to $750, which were indorsed by appellant, who, to secure him on this indorsement, took a mortgage from the Mitchells on the land above described, also lot 1, block 18, town of Minturn, and other lands.   The Mitchells defaulted in the payment of said notes, and appellant paid same, as also some other indebtedness of the Mitchells for which he was secondarily liable.   On October 8, 1926, appellee obtained judgment in the circuit court against the Mitchells for $829.72.

This suit was instituted by Sharum-Benningfield Company against the Mitchells, appellants, appellee Stan-

age, and others, to foreclose a mortgage given it by the
Mitchells, in which all parties having or claiming liens
were made defendants. Appellant filed an answer and
cross-complaint, setting up his mortgage as above stated,
and made all others cross-defendants. He claimed a prior
lien to all parties other than Stanage, who filed answer
and cross-complaint claiming a prior lien to all parties
by reason of his judgment.

On July 21, 1927, Stanage sold and conveyed to Gage
& Company the two acres of land and houses he had
acquired under the foreclosure sale. Either on May 23
or July 27, 1927, an execution was issued by the clerk on
the deficiency judgment of Stanage in the sum of $354,
delivered to the sheriff, who levied on the two pieces of
property above described, advertised it for sale, and on
August 27, 1927, sold it to Stanage for the amount of his
judgment, interest and costs, for which a certificate of
purchase was issued by the sheriff to Stanage. On
August 30, 1928, after the period of redemption had ex-
pired, Stanage sold and assigned to appellee his certifi-
cate of purchase, and on the same day the sheriff executed
and delivered to appellee his deed to said land. There-
after appellee filed its answer and cross-complaint against
appellant and all others claiming liens, setting up these
facts. It further alleged that, by error of counsel for
appellant, the execution issued on the Stanage judgment
recited the judgment was obtained in the circuit instead
of chancery court, and that it was obtained on May 23,
1927, instead of October 27, 1925; and that like errors
were made in the certificate of purchase and deed, as also
error in the description of the land in said deed. The
prayer was for reformation, and that the sale be con-
firmed, and quieted in it.

After hearing all the testimony, including nearly all
the lawyers on both sides, the court found for appellee,
and entered a decree in accordance with the prayer of its
cross-complaint.

Appellant says there was no valid sale to Stanage,
and that appellee acquired nothing by reason of the as-

signment of the certificate of purchase from him and the sheriff's deed. He admits that "Stanage had a valid decree of the chancery court rendered October 27, 1925, and upon which there was a balance of some $354 with interest, unpaid. That the clerk of the chancery court issued an execution on the 23d day of May, 1927, and that an advertisement was published August 11, 18 and 25, 1927, advertising the property in controversy in this suit for sale on August 27, 1927, under the execution above referred to." Appellant also concedes the rule that the sheriff's deed was *prima facie* evidence of a valid sale, which is correct, and, when this fact is considered in connection with all the other evidence, we are unable to say that the finding of the court that the sale was valid is against the preponderance of the evidence. We do not set this evidence out, as we can see no useful purpose to be served, and, while we are left in some uncertainty regarding the sale, we find that the evidence supports the court's decree.

But appellant says, even if the sale was made under the execution exhibited, it was void for the reason the execution was dated May 23, 1927, and the sale held August 27, 1927, which was more than thirty days after the return day of the execution. Here appellant assumes as a fact that the execution was dated May 23. In this we agree with the trial court that he is in error. An execution appears in the transcript dated July 27, 1927, which we think correctly reflects the true date thereof. It is true the clerk testified that his record showed the execution to have been issued May 23, and the notice of sale recites such to be the fact, yet there are so many facts and circumstances which contradict this evidence, including the errors of the date of the judgment and the court in which it was secured, we think the chancery court was justified in disregarding it and in holding as he did against the appellant.

Other questions are argued which we have considered, but do not discuss. We find no error, and the decree is accordingly affirmed.